UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-

ROSEMARY OFUME

Case No. 1:12-CR-0276-05-SCJ

Defendant's Attorney:
Johnna Lee

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by a jury of Counts 1-4 and 23 of the Second Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2) | Conspiracy to Distribute Controlled Substances | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(B)(1)(C) | Distribution of a Controlled Substance | 2-4 |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 23 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$500.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      XXX-XX-9616
Defendant's Date of Birth:       1958
Defendant's Mailing Address:
Decatur, Georgia

Date of Imposition of Sentence: July 20, 2017

Signed this the 21st day of July, 2017.

STEVE C. JONES
UNITED STATES DISTRICT JUDGE

1:12-CR-0276-05-SCJ: ROSEMARY OFUME

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED TWENTY-EIGHT (228) MONTHS as to each of Counts 1-4 and 23, with all terms to be served CONCURRENTLY**.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be designated to a correctional facility as close as possible to Atlanta, Georgia.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:12-CR-0276-05-SCJ: ROSEMARY OFUME

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to each of Counts 1-4 and 23, with all terms to run **concurrently**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant shall not own, possess or have under her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit her person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer. Failure to submit a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

## FORFEITURE

It is hereby **ORDERED** that all of the Defendant's right, title and interest in the property identified in the Consent Preliminary Order of Forfeiture dated July 20, 2017, which is hereby incorporated by reference (see attachment), is forfeited to the United States.

1:12-CR-0276-05-SCJ: ROSEMARY OFUME

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

FILED IN OPEN COURT
U.S.D.C.

JUL 2 0 2017

By: JAMES N. HATTEN, Clerk
        /s/ Paul
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROSEMARY OFUME,<br><br>Defendant. | Criminal Action No.<br>1:12-CR-276-SCJ-JKL |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

A jury, having convicted Defendant Rosemary Ofume on Counts One, Two, Three, Four and Twenty-Three of the Second superseding Indictment, pursuant to which the United States sought forfeiture of certain property under 21 U.S.C. § 853 and 18 U.S.C. § 982, and the Court having determined that the property described below is subject to forfeiture pursuant thereto, that the Government has established the requisite nexus between said property and the offenses charged in Counts One, Two, Three, Four and Twenty-Three of the Indictment and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to her, being made a part of her sentence and being included in the judgment against her;

IT IS HEREBY ORDERED that Rosemary Ofume shall forfeit to the United States the following property pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 982:

(a) A sum of money equal to $2,500,000 representing the amount of proceeds the Defendant obtained as a result of the offenses for which she was convicted;

(b) $16,767.00 in United States currency seized on August 22, 2012 at 1634 Jonesboro Road, S.E., Atlanta, Georgia;

(c) $133,892.74 in funds seized from Bank of America account number XXXXXXX0111 held in the name of Medicine Center Pharmacy;

(d) one 2009 BMW X5, VIN 5UXFE83519L170265;

(e) one 2008 Mercedes Benz ML550, VIN 4JGBB72E38A398522; and

(f) one 2007 BMW X5, VIN 4USFE43577LY77517.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier,

petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant, but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this _20th_ day of ___July___, 2017.

_____
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Michael J. Brown
Assistant United States Attorney

4